ELLIS, Judge.
This is a suit in which the plaintiff is seeking to recover for personal injury and property damage as a result of an inter-sectional collision between plaintiff’s car and defendant’s truck which occurred on January 1, 1954 at or near one o’clock A.M. at the intersection of East Washington Street and East Boulevard in the City of Baton Rouge, Louisiana.
From a judgment rejecting plaintiff’s demand and dismissing his suit he has appealed.
In the early morning hours of January 1, 1954 the plaintiff was driving west on East Washington Street following a car driven by his brother, who successfully crossed East Boulevard but who testified that he saw the lights of a car approaching from the north on East Boulevard. The car approaching from the north belonged to the defendant and was being driven by Isaiah Sherman who was also made defendant in this suit. The plaintiff, being faced with a stop sign at the intersection of East Washington and East Boulevard, came to a stop and says that he looked to the left and then to the right but did not see the Franklin truck approaching on East Boulevard, the favored street. He started his car across the intersection and had gone approximately six feet when he struck the Franklin truck. While the plaintiff contends that the truck struck his automobile, the testimony of the police officers who investigated the collision and of Percy Franklin, Isaiah Sherman and Percy Franklin, Jr., establishes the fact that there was no damage to the front of the Franklin truck but beginning near the rear of the left front fender there was damage, and on the front left door of the truck which was also damaged was an indentation apparently made by one of the headlights of the plaintiff’s automobile.
It is true that the plaintiff offered the testimony of several witnesses that the truck struck his car. If the plaintiff was stopped in the street at the moment of impact the damage would of necessity have been caused by the side of the truck coming in contact with the front of plaintiff’s car. This is possible but we believe from the testimony that the plaintiff’s car was moving at the moment of impact and struck the truck on its left-hand side. The defendant’s truck proceeded 39 feet after the accident while the plaintiff’s car came to a stop at practically the point of impact.
The defendant’s truck travelling south was being driven approximately six feet over the center line in the east or northbound traffic lane. Plaintiff contends that the negligence of the driver of plaintiff’s truck in proceeding partially in the east or northbound traffic lane was the sole and proximate cause of the collision, and in any event that the driver of the defendant’s truck had the last clear chance to avoid the accident by swerving to his right. The defendant specially plead contributory negligence on the part of the plaintiff and this is the serious question in the case. Even if the defendant was negligent by virtue of travelling in the wrong lane, was not the plaintiff guilty of contributory negligence when he says he stopped, looked and did not see the defendant’s truck which at that time must have been very close?
*24 According to the pictures introduced in evidence, some 100 to 150 feet north of the intersection of East Washington and East Boulevard, there is a sharp curve on the latter street. On the northeast corner of’ the intersection is Theriot’s Liquor Store with a stop sign at the edge of the sidewalk to the -south of the store. From the testimony and the exhibits, it was necessary for the plaintiff to have the front of his car very close to the east edge of East Boulevard before he was able to observe traffic approaching from his right as was the defendant’s truck at the time of the collision. However, there is nothing to obstruct a driver’s view once he is in a position to see if he only looks.
As stated, it is shown that the plaintiff was following an automobile being driven by his brother. The brother testified that when he came to the intersection of East Washington and East Boulevard he saw the lights of what proved to be- the defendant’s truck being driven by Isaiah Sherman, but he knew that he had time to cross, which he did. He had not proceeded very far after having crossed before he heard the crash of the two motor vehicles.
The defendant’s truck was being driven at approximately 25 or 30 miles per hour. We do not place much faith in the testimony of the witnesses Robertson and Honoré that the truck was being driven at 55 or 60 miles per hour, as it travelled only 39 feet after being struck by plaintiff’s car. If we accept as true the testimony of the plaintiff that he drove up to the intersection of East Washington and East Boulevard and looked to his left and then to his right and did -not see the defendant’s truck, he is convicted of negligence for he should have seen it, and at that time it must have been very close for the-plaintiff was only able to drive six feet before the collision occurred. Under this fact alone, that is, that plaintiff was only able to go six feet into the intersection prior to the collision, it would not be out of order • to assume or -deduce that the plaintiff did not stop -nor .look for he most assuredly would have1 seen the defendant’s truck arid realized its position in the center of the • street, and above all that he could not safely cross or even proceed into the-northbound traffic lane of East Boulevard. The plaintiff told the police officers 'that he never saw the defendant’s truck until the moment of impact and the report sa states. He practically admitted on the stand that he did not see the defendant’s truck. He should have seen it, and to have proceeded into the intersection at all was negligence on his part. In other‘words,' had plaintiff looked ánd seen what he is chargeable under the law’with seeing, he would have seen the defendant’s truck in' close proximity to the intersection being driven with its left wheels or side six feet over the center line in its wrong lane of travel. To proceed into the intersection under these circumstances was negligence on the part of the plaintiff.
Plaintiff strenuously argues that if defendant’s truck had been entirely in its-proper lane of travel the accident would not have occurred and therefore this was the sole proximate cause of the accident. It might equally be argued that even though defendant’s truck was in the wrong lane of travel if plaintiff had seen what he should -have seen and not driven out -into the intersection immediately in front of defendant’s''truck, the accident would not have happened, and therefore plaintiff’s negligence was the sole and only cause of the accident.
We riiust take the facts as we find them and even’ though the defendant’s truck was being driven on the wrong side of the street, had the plaintiff looked he would have realized this fact and further would have realized that he could riot safely cross this intersection. His failure to see or properly evaluate that which would have been clear to the ordinary person constituted negligence on his part and was a contributing factor to the collision.
The plaintiff also plead the last clear chance on the theory that the driver of the defendant’s truck did see or should have seen the plaintiff’s car coming into the intersection in time • to have stopped or swerved to his right and thereby avoided. *25 the collision. The driver of defendant’s truck admitted that as he rounded the ■curve he saw the headlights of the plain-rtiff’s car shining across the street but knowing that he was on a favored street and. the plaintiff was faecd with a stop sign he presumed, which he had a right to do, that plaintiff would stop at the intersection. He testified that he was very close at the time he saw the plaintiff’s car proceeding out into the intersection. This is evidently true and the plaintiff, .'as stated, only travelled six feet into the intersection before the collision occurred. Evidently the defendant’s truck was too close to stop or avoid the moving car of the plaintiff.
Plaintiff and defendant both cite a number of authorities but each of these cases must be decided on its own peculiar facts. It Is sufficient to state that the law and cases cited by the plaintiff do not relieve the plaintiff of his negligence nor can he finder these authorities escape the fact that his own contributory negligence was' a proximate cause of this collision.
■ For the reasons given the judgment of the district court is affirmed.